UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0298-CVE-PJC |
| ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF CRAIG COUNTY, JIMMY SOOTER, ) | |
| SHEILA FLOYD WILLIAMS, CHISHOLM ) | |
| STANDLEE, and JOHN DOES # 1-10, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Board of County Commissioners of Craig County's Motion and Brief to Dismiss Amended Complaint (Dkt. # 38). Defendant Board of County Commissioners of Craig County (Board) seeks dismissal of plaintiff's claim for violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (ADA), because the Board alleges that it is not the proper party in this case. Plaintiff, John Doe,[1] has filed a response in opposition to the motion (Dkt. # 46) and the Board has filed a reply (Dkt. # 50).

**I.**

On June 18, 2009, plaintiff was arrested in Craig County, Oklahoma, and transported to the Craig County Jail (CCJ). Plaintiff remained incarcerated at the CCJ until his release on February 26, 2010. Plaintiff is HIV positive, and alleges in the Amended Complaint that he informed the CCJ staff of his HIV status upon his arrival. Plaintiff alleges that, while residing at the CCJ, he was

---

[1]   Plaintiff has previously been granted permission to prosecute this case under the pseudonym of John Doe. Dkt. # 23.

repeatedly denied his prescribed HIV medication and that his HIV status was disclosed to other inmates without his permission. Plaintiff further alleges that he was treated differently than other inmates based on his HIV positive status, including, inter alia, being confined to isolation, being prohibited from earning money toward payment of his bond, being prevented from taking showers without permission or at regular intervals, being prevented from making telephone calls without permission, being denied outdoor recreation, and being denied regular television privileges. Plaintiff alleges that this treatment caused him stress, anxiety, frustration, outrage, and sleeplessness, and had an adverse affect on his medical condition and/or prognosis.

Plaintiff's amended complaint alleges the following claims for relief: (1) deliberate indifference, violation of due process, and negligence in violation of the Eighth and Fourteenth Amendment to the United States Constitution, actionable through 42 U.S.C. § 1983; (2) invasion of privacy in violation of the Fourteenth Amendment to the United States Constitution and Oklahoma common law; and (3) violation of Title II of the ADA. Plaintiff requests declaratory and injunctive relief, nominal and compensatory damages against all defendants, and punitive damages against three individual defendants. Only the third claim for relief, violation of Title II of the ADA, is against the Board.

## II.

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual

allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir.2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir.2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir.1991).

### III.

Title II of the ADA provides in part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This provision extends to discrimination against inmates detained in a county jail. See Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government'") (quoting 42 U.S.C. § 12131(1)(B)). To state a claim under Title II, the plaintiff must allege that (1) he is a

qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. See Robertson v. Las Animas Cnty. Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007). The Supreme Court has held that being HIV positive is a disability under the ADA. See Bragdon v. Abbott, 524 U.S. 624 (1998); see also Hardeman v. Sanders, No. 08-CV-086-RAW-SPS, 2009 WL 590738, at *9 (E.D. Okla. March 5, 2009).

While the Tenth Circuit has not explicitly addressed the issue of respondeat superior liability under Title II of the ADA, other circuits that have considered the question have unanimously held that a municipal employer is vicariously liable for the acts of its employees who violate Title II of the ADA. See Rosen v. Montgomery Cnty., 121 F.3d 154, 157 n.3 (4th Cir. 1997) ("Under the ADA and similar statutes, liability may be imposed on a principal for the statutory violations of its agent."); Delano-Pyle v. Victoria Cnty., 302 F.3d 567, 574-75 (5th Cir. 2002) ("when a plaintiff asserts a cause of action against an employer-municipality, under either the ADA or the RA, the public entity is liable for the vicarious acts of any of its employees as specifically provided by the ADA."); DeVito v. Chicago Park Dist., 83 F.3d 878, 881 (7th Cir. 1996) ("the ADA imposes respondeat superior liability on an employer for the acts of its agents"); Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001) ("When a plaintiff brings a direct suit under . . . Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees."); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) ("the 'agent' language was included [in the ADA] to ensure respondeat superior liability of the employer for the acts of its agents"); see also Guynup v. Lancaster Cnty., No. 06-4315, 2008 WL 4771852, at *1 (E.D. Pa. Oct.

29, 2008) ("Title II of the ADA . . . provide[s] for vicarious liability . . . ."); Cardona Roman v. Univ. of P.R., No. 10-CV-1363(DRD), 2011 WL 3204837, at *5 (D.P.R. July 27, 2011) ("the ADA does not provide for individual liability, but only for employer liability").

The amended complaint alleges that plaintiff was excluded from participation in and denied benefits of the CCJ's services, programs, and activities on the basis of his HIV status. The amended complaint further alleges that, in addition to the Sheriff, the CCJ employees who violated the ADA were employees of Craig County (County), and, thus, the Board is liable for their actions under a theory of respondeat superior.[2] The Board does not dispute that plaintiff has adequately pleaded that he is a qualified individual with a disability who was excluded from participation in or denied benefits of a public entity's services, programs, or activities, and that such exclusion, denial or discrimination was by reason of a disability. Further, the Board does not dispute that the CCJ is a public entity under the ADA. Finally, the Board admits that the employees of the CCJ are employees of the County. See Dkt. # 50 at 2.

The Board contends that the claim against it must be dismissed because it is not the proper party defendant. The Board argues that, under Oklahoma law, it has no authority or control over the CCJ personnel and, therefore, it cannot be held liable for their actions under the ADA. In support of this proposition, the Board relies on Bristol v. Board of County Commissioners of the County of Clear Creek, 312 F.3d 1213 (10th Cir. 2002). However, Bristol is not on point. In Bristol, the plaintiff sued under Title I of the ADA, which requires a covered entity to provide reasonable accommodations to an employee with a disability. See 42 U.S.C. § 12112. The plaintiff in Bristol claimed that he was an employee of both the Sheriff's office and the Board of County

---

[2]  Pursuant to Oklahoma law, any suit brought against a county must be filed against the board of county commissioners of the relevant county. See OKLA. STAT. tit. 19, § 4.

5

Commissioners. The Tenth Circuit granted en banc rehearing to determine "whether the Board can be considered an employer of Bristol so as to trigger the accommodation requirements of the ADA." Bristol, F.3d at 1216 n.2.

In conducting this analysis, the Tenth Circuit applied the "joint-employer test" and the "single-employer test," both of which consider the amount of authority and control the alleged employer had over the individual's employment, and determined that the board was not Bristol's employer under either test. Id. at 1218-21. The Tenth Circuit noted that the joint-employer test is applicable where "a plaintiff who is the employee of one entity [seeks] to hold another entity liable by claiming that the two entities are joint employers." Id. at 1218. The single-employer test is applicable where "a plaintiff who is the employee of one entity may seek to hold another entity liable by arguing that the two entities effectively constitute a single employer." Id. Neither of these factual scenarios is present in this case. The plaintiff here does not argue that an entity that is not technically his employer was obligated to provide accommodation under Title I of the ADA. The question presented here is whether an entity, that is the admitted employer of certain individuals, can be held vicariously liable for those individuals' alleged violations of Title II of the ADA. The Board has not cited any legal authority to support the proposition that either the joint-employer test or single-employer test is used in this factual or statutory context. Nor has the Board cited any legal authority showing that the level of authority or control of the employer is relevant in this context.

It is undisputed that the CCJ employees are employees of the County. It is further undisputed that an employer can be liable for the acts of its employees under Title II of the ADA. The Board has failed to make any showing that it cannot be held vicariously liable for the acts of its employees under Title II of the ADA.

**IT IS THEREFORE ORDERED** that Defendant Board of County Commissioners of Craig County's Motion and Brief to Dismiss Amended Complaint (Dkt. # 38) is denied.

**DATED** this 22nd day of December, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT