# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|            **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 11-CV-0298-CVE-PJC** |
| | ) |
| **BOARD OF COUNTY COMMISSIONERS** | ) |
| **OF CRAIG COUNTY, JIMMY SOOTER,** | ) |
| **SHEILA FLOYD WILLIAMS, CHISHOLM** | ) |
| **STANDLEE, and JOHN DOES # 1-10,** | ) |
| | ) |
| | ) |
|            **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Opposed Motion to Amend (Dkt. # 93). Plaintiff John Doe[1] requests leave to file a second amended complaint "to substitute Rusty Satterwhite ('Satterwhite') for Defendant Chisholm Standlee ('Standlee')." Dkt. # 93 at 1. Defendants oppose the motion on the grounds that the statute of limitations has expired and that a claim against Satterwhite can only be brought if the second amended complaint relates back to the original complaint, which defendants argue it does not.

## I.

On June 18, 2009, plaintiff was arrested in Craig County, Oklahoma, and transported to the Craig County Jail (CCJ). Plaintiff remained incarcerated at the CCJ until his release on February 26, 2010. Plaintiff is HIV positive, and alleges in the amended complaint (Dkt. # 30) that he informed the CCJ staff of his HIV status upon his arrival. Plaintiff alleges that, while residing at the

---

[1]     Plaintiff has previously been granted permission to prosecute this case under the pseudonym of John Doe. Dkt. # 23.

CCJ, he was repeatedly denied his prescribed HIV medication and that his HIV status was disclosed to other inmates without his permission. Plaintiff further alleges that he was treated differently than other inmates based on his HIV positive status, including, inter alia, being confined to isolation, being prohibited from earning money toward payment of his bond, being prevented from taking showers without permission or at regular intervals, being prevented from making telephone calls without permission, being denied outdoor recreation, and being denied regular television privileges. Plaintiff alleges that this treatment caused him stress, anxiety, frustration, outrage, and sleeplessness, and had an adverse affect on his medical condition and/or prognosis.

Plaintiff's amended complaint alleges the following claims for relief: (1) deliberate indifference, violation of due process, and negligence in violation of the Eighth and Fourteenth Amendments to the United States Constitution, actionable through 42 U.S.C. § 1983; (2) invasion of privacy in violation of the Fourteenth Amendment to the United States Constitution and Oklahoma law; and (3) violation of Title II of the ADA. Plaintiff requests declaratory and injunctive relief, nominal and compensatory damages against all defendants, and punitive damages against three individual defendants. Only the second claim for relief, invasion of privacy, is against Standlee. While plaintiff has not submitted his proposed second amended complaint to the Court, because plaintiff states that he wishes to "substitute" Satterwhite for Standlee, the Court presumes that the only claim plaintiff seeks to assert against Satterwhite is the invasion of privacy claim.

Satterwhite was the CCJ jail administrator while plaintiff was incarcerated there. Satterwhite left employment with CCJ in April 2010. Standlee was a detention officer at CCJ during plaintiff's incarceration, and Standlee became the jail administrator after Satterwhite's departure. Plaintiff's initial complaint was filed on May 13, 2011 and named as defendants, inter alia, both "Chisholm

Standlee, detention officer at the Craig County Jail" and "Rusty Scott, jailer/administrator for The Craig County Jail." Dkt. # 1 at 1. Plaintiff asserts that the intended party in the initial complaint was "Rusty Satterwhite," not "Rusty Scott," but that at the time of filing, plaintiff mistakenly believed that defendant's last name was Scott. Dkt. # 93 at 1. In the initial complaint, Scott was named in only the claim alleging deliberate indifference and violation of due process. Only Standlee was named in the invasion of privacy claim. Dkt. # 1 at 11-12.

The amended complaint was filed on July 5, 2011. Plaintiff did not name Rusty Scott as a defendant in the amended complaint, and Rusty Scott was terminated as a party to this action. The amended complaint did not name Rusty Satterwhite as a defendant, nor did it name any person in the capacity of jail administrator. Standlee remained a defendant in the amended complaint, and only the invasion of privacy claim was brought against him.

The amended complaint alleges that, without plaintiff's consent, Standlee disseminated information regarding plaintiff's HIV status to other inmates. The amended complaint further alleges that plaintiff knew of Standlee's alleged disclosures because another inmate informed plaintiff that Standlee had given the inmate scratch paper containing plaintiff's medical records. Plaintiff now states that "[d]uring the deposition of two former inmates on April 30, 2012, Plaintiff discovered for the first time that those disclosures originated with Satterwhite." Dkt. # 93 at 2. Thus, plaintiff seeks to file a second amended complaint, substituting Satterwhite for Standlee as a defendant.

## II.

Rule 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Minter v. Prime Equipment Co., 451 F.3d

1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).[2]

### III.

Where a plaintiff seeks to add a defendant after the statute of limitations has run, "the proposed amendment is futile unless it relates back to the original complaint under Fed. R. Civ. P. 15(c)." Bell v. City of Topeka, Kansas, 279 Fed. Appx. 689, 692 (10th Cir. 2008) (unpublished).[3] Plaintiff seeks to assert a claim against Satterwhite pursuant to § 1983, alleging a violation of his

---

[2]   Neither party has argued that Fed. R. Civ. P. 16(b)(4) is relevant to the question of whether plaintiff can amend the amended complaint. Rule 16(b)(4) states that a "schedule may be modified only for good cause . . . ." The scheduling order in this case set the deadline of February 23, 2012 for amendments to the complaint. Dkt. # 13. Some circuits have held that a party seeking to amend the pleadings after the deadline set for such amendments in the scheduling order must satisfy the "good cause" requirement of Rule 16. See, e.g., Hawthorne Land Co. v. Occidental Chem. Corp., 431 F.3d 221, 227 (5th Cir. 2005); Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437-38 (8th Cir. 1999); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay. See Hawthorne, 431 F.3d at 228; Leary, 349 F.3d at 907; Parker, 204 F.3d at 340-41; In re Milk Prods., 195 F.3d at 437-38; Johnson, 975 F.2d at 609-10. The Tenth Circuit adopted a similar interpretation of Rule 16(b)'s "good cause" requirement in the context of counterclaims asserted after the scheduling order deadline, SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518-19 (10th Cir. 1990), but has not done so in the context of an amendment to the complaint. The Court need not address whether Rule 16(b)(4)'s "good cause" standard applies in this case because plaintiff is unable to satisfy the more lenient standard of Rule 15(a)(2).

[3]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

right to privacy as secured by the Fourteenth Amendment and Oklahoma state tort law. The statute

of limitations for a § 1983 claim is determined by reference to the statute of limitations for personal

injury actions in the forum state. Wilson v. Garcia, 471 U.S. 261, 269 (1985). The statute of

limitations for § 1983 claims in Oklahoma is two years. Meade v. Grubbs, 841 F.2d 1512, 1524

(10th Cir. 1988); see also OKLA. STAT. tit. 12, § 95(A)(3) (two-year limitation period on actions "for

injury to the rights of another, not arising on contract, and not hereinafter enumerated"). The statute

of limitations for an invasion of privacy claim in Oklahoma is also two years. Id.; see also Erikson

v. Farmers Group, Inc., 151 F. App'x 672, 676 (10th Cir. 2005) (unpublished). Plaintiff does not

allege an exact date on which his medical information was allegedly disclosed. However, plaintiff

alleges that the disclosure occurred while he was incarcerated at CCJ. Dkt. # 30 at 9. Because

plaintiff was released from CCJ custody on February 26, 2010, that is the latest date on which the

invasion of privacy claim could have accrued. Therefore, the statute of limitations for the invasion

of privacy claim expired on February 26, 2012. Plaintiff's attempt to bring this claim against

Satterwhite is untimely unless the proposed second amended complaint relates back to the date of

filing of the original complaint.

Rule 15(c)(1)(C) provides that an amendment adding a new party relates back to the filing

of the original complaint if:

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In addition, Rule 15(c)(1)(C) requires that "the amendment asserts a claim or defense that arose out

of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original

pleading." Thus, in order for an amended complaint to relate back to the original complaint, the plaintiff must satisfy four factors:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

Johnson v. United States Postal Service, 861 F.2d 1475, 1479 (10th Cir. 1988) (internal quotations omitted).

The parties do not dispute that the proposed claim against Satterwhite arises out of the same conduct alleged in the original complaint, and the first requirement of Rule 15(c) is satisfied. Defendants argue that the second factor is not satisfied because Satterwhite was not served with the complaint within the period provided by Rule 4(m). However, Rule 15(c) does not require that the proposed defendant be served with the original complaint, but requires that he only received notice of the action within that time. The original complaint was filed on May 13, 2011. Rule 4(m) provides that the summons and complaint must be served within 120 days. Thus, in order to satisfy the second requirement of Rule 15(c), Satterwhite must have had notice of the action before September 10, 2011, such that he will not be prejudiced in defending on the merits. On August 10, 2011, defendants' counsel sent a letter to plaintiff's counsel acknowledging that Satterwhite was an intended defendant in the original complaint and stating that Satterwhite is represented by defendant's counsel. Dkt. # 93-3. The letter further stated that "Mr. Satterwhite has requested that all other correspondence from your office or on behalf of Plaintiff be directed to this office." Id. This letter demonstrates not only that Satterwhite had notice of the action before September 10, 2011, but also that he had obtained counsel and anticipated being involved in the matter in some

6

way. In addition, during his deposition on October 14, 2011, Satterwhite testified that he received

notice of this action within "the last 2 or 3 months." Dkt. # 93-2. Even if he learned of the lawsuit

two months prior to the deposition, that still put him on notice of the action within the Rule 4(m)

time period. Thus, Satterwhite had notice of the action within the proscribed time period such that

he will not be prejudiced in defending on the merits. The second requirement of Rule 15(c) is

satisfied.

The third requirement of Rule 15(c) dictates that plaintiff must show that Satterwhite knew

or should have known that, but for a mistake of identity, the invasion of privacy claim would have

been brought against him. Plaintiff argues that he was "under the mistaken belief that Standlee had

disclosed information" until he learned, during the depositions of the other inmates, that the alleged

disclosures originated with Satterwhite. Dkt. # 93 at 2. The Tenth Circuit has stated that "a

plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the

identity of the proper party' within the meaning of [Rule 15(c)(1)(C)(ii) ]." Garrett v. Fleming, 362

F.3d 692, 696 (10th Cir. 2004). "A mistake does not exist just because plaintiff omitted a potentially

liable party from the original complaint." Spicer v. New Image Intern., Inc., 447 F. Supp. 2d 1226,

1233 (D. Kan. 2006). In Garrett, the Tenth Circuit cited the Advisory Committee Notes to Rule 15,

which stated that the mistake proviso was included "in order to resolve the 'problem of a misnamed

defendant; and allow a party 'to correct a formal defect such as a misnomer or misidentification.'"

Garrett, 362 F.3d at 696-67. Thus, relation back has been allowed where a plaintiff intended to sue

the individual occupying a certain role, but mistakenly named the wrong individual, see, e.g.,

Chasten v. Okla., No. CIV-09-0509-HE, 2011 WL 4104524, at * 2 (W.D. Okla. Sept. 14, 2011)

(allowing relation back where plaintiff intended to sue "classification officer" but named wrong

7

individual), or where a plaintiff intended to sue a parent company, but mistakenly named an affiliated entity, see Krupskiv. Costa Crociere S.p.A., 130 S. Ct. 2485 (2010).

In the present case, plaintiff did not have a mistaken belief as to either the identity or role of Standlee and Satterwhite. Nor is plaintiff attempting to correct a "formal defect" in the complaint. Plaintiff's motion glosses over the mistake requirement and does not attempt to identify the nature of any mistaken identity. Plaintiff merely asserts that he lacked knowledge of the alleged involvement of Satterwhite in the underlying events, and, once he determined that Satterwhite might be liable for the invasion of privacy, decided to add him as a defendant on that claim. These are not the circumstances under which Rule 15(c) contemplates relation back to the original complaint.[4] See Agape Flights, Inc. v. Covington Aircraft Engines, No. CIV-09-492-FHS, 2011 WL 4496581, at *2 (E.D. Okla. Sept. 27, 2011) (holding that amended complaint did not relate back under Rule 15(c) where plaintiff "lacked knowledge of [proposed defendant's] involvement" in the underlying events); Tomlinson v. Combined Underwriters Life Ins. Co., No. 08-CV-259-TCK-FHM, 2009 WL 2923010, at * 3 (N.D. Okla. Sept. 9, 2009) (holding that amended complaint did not relate back under Rule 15(c) where plaintiff added new defendant "after determining that [he] might be liable for the underlying acts at issue"); Spicer, 447 F. Supp. 2d at 1234 (holding that amended complaint did not relate back under Rule 15(c) where plaintiff "just decided to add more defendants as he determined that they might be liable"). Consequently, the Court concludes that the addition of Satterwhite to the proposed second amended complaint does not relate back to the original complaint

---

[4]     The Court notes that this situation is one of plaintiff's own making. He asserts that he did not know until recently that it was Satterwhite who allegedly disclosed his medical information. However, plaintiff chose not to depose the two inmates with knowledge of the alleged disclosure until April 30, 2012, more than two months after the statute of limitations had run.

pursuant to Rule 15(c)(1)(C).[5]  Thus, the addition of invasion of privacy claim against Satterwhite

is untimely and futile.

Plaintiff argues that, even if the proposed second amended complaint does not relate back,

the claim against Satterwhite is not untimely because it comes under the protection of the Oklahoma

"savings" statute, OKLA STAT. tit. 12, § 100.  Defendants do not address this argument in their

opposition.

The Oklahoma savings statute states that:

> If any action is commenced within due time, and . . . the plaintiff fail[s] in such
> action otherwise than upon the merits, the plaintiff . . . may commence a new action
> within one (1) year after the . . . failure although the time limit for commencing the
> action shall have expired before the new action is filed.

Id.  "The Supreme Court has made clear that a federal court applying a state's limitations periods

should apply that state's tolling provisions as well."  See Brown v. Hartshorne Pub. Sch. Dist. No.

1, 926 F.2d 959, 962 (10th Cir. 1991).  Thus, the savings statute, "which is an integral part of a

state's limitations and tolling rules," is applicable when calculating the statute of limitations for both

state law claims and § 1983 claims in federal court.  See id.; see also Ciszkowski v. Rector, 70 F.3d

1282 (10th Cir. 1995) (unpublished).  The Oklahoma Supreme Court has repeatedly held that "the

---

5    Even if plaintiff's failure to name Satterwhite in the original complaint could be considered
     a "mistake" under Rule 15(c)(1)(C), plaintiff has not established that Satterwhite knew or
     should have known that the invasion of privacy claim would have been brought against him.
     The complaint and the amended complaint stated that only Standlee was involved in the
     alleged medical disclosures.  There was no mention of any other actor involved in the
     alleged violation of plaintiff's privacy.  It would have been reasonable for Satterwhite to
     conclude that plaintiff purposefully chose not to name him as a defendant in the invasion of
     privacy claim.  This is especially true in light of the fact that the original complaint put
     Satterwhite on notice that he was a potential defendant, but then he was dropped as a
     defendant in the amended complaint.

purpose of § 100 is remedial and its provisions are to be liberally construed." E.g., Wiley Elec., Inc. v. Brantley, 760 P.2d 182, 194 (Okla. 1988).

"In order for § 100 to apply, the refiled action must be based on the same cause of action as the originally filed action . . ." Nusbaum v. Knobbe, 23 P.3d 302, 304 (Okla. Civ. App. 2001); see also Optima Oil & Gas Co. v. Mewbourne Oil Co., No. CIV-09-145-C, 2009 WL 1773198, at *5 (W. D. Okla. June 22, 2009)("in order for the savings statute to apply, Plaintiff must not be alleging new causes of action"); Wiley Elec., Inc. v. Brantley, 760 P.2d 182, 184 (Okla. 1988) ("[p]recedent teaches that . . . section 100 is intended to preserve the right to commence a new action for the same causes as in the original action"). Oklahoma courts use the transactional approach in defining a cause of action for purposes of § 100; that is, "the operative event that underlies a party's claim delineates the parameters of his cause of action." Chandler v. Denton, 741 P.2d 855, 862-63 (Okla. 1987). Under this transactional approach, "[o]nly a single cause of action can be predicated on the same set of facts, but different remedies and theories of liability may be pressed in support of each claim alleged." Optima Oil & Gas Co., 2009 WL 1773198, at *6. Thus, where a plaintiff has alleged the operative events behind a claim in an initial timely suit, the failure to raise a particular theory of recovery will not bar pursuit of that theory in later litigation. See Ciszkowski v. Rector, 70 F.3d 1282 (10th Cir. 1995).

Plaintiff argues that, pursuant to the savings statute, the voluntary dismissal of Satterwhite as a defendant does not preclude a later suit against him, if brought within one year of the conclusion of the initial suit. Because the initial suit is still ongoing, plaintiff argues that he is entitled to reinstate his claim against Satterwhite. However, plaintiff does not now attempt to reinstate one of the original claims brought against Satterwhite/Scott but, instead, attempts to assert a new claim of

invasion of privacy against Satterwhite. The claims brought against "Rusty Scott, jailer/administrator" in the original complaint were a § 1983 claim for deliberate indifference and violation of the right to due process under the Eighth and Fourteenth Amendments and a claim of violation of Title II of the ADA. Plaintiff's invasion of privacy claim did not name defendant "Scott." Dkt. # 1 at 11-12. Defendants' counsel has conceded that Satterwhite knew that, despite his mistaken identification as "Scott," Satterwhite was the intended defendant. Dkt. # 93-3. The operative events underlying the claims against Satterwhite in the original complaint involved allegations that plaintiff was denied his medication and that he was treated differently than other inmates. The operative events underlying the claim against Satterwhite in the proposed second amended complaint are the unauthorized disclosure of medical information. Thus, the claim plaintiff now attempts to bring against Satterwhite does not arise from the same set of facts as the claims brought against him in the original complaint. Thus, despite the liberal construction of the Oklahoma savings statute, the Court finds that plaintiff is attempting to add a new claim for relief against Satterwhite and the Oklahoma savings statute is not applicable.

In sum, the Court finds that plaintiff's proposed second amended complaint does not relate back to the original complaint under Rule 15(c); thus, the invasion of privacy claim against Satterwhite is untimely. Furthermore, the claim is not protected by the Oklahoma savings statute. Therefore, the amendment is futile.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Amend (Dkt. # 93) is **denied**.

**DATED** this 14th day of June, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

11