# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| JOHN DOE, | ) |
|---|---|
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 11-CV-0298-CVE-PJC |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF CRAIG COUNTY, CHISHOLM | ) |
| STANDLEE, and JOHN DOES # 1-10, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is Defendant Chisolm Standlee's Motion and Brief for Judgment on the Pleadings (Dkt. # 113). In an order dated June 29, 2012, this Court converted the motion to a motion for summary judgment because it relied on materials outside the pleadings. Dkt. # 137. Plaintiff was given an opportunity to provide any pertinent material and respond to the motion, but has failed to do so within the time allotted.

### I.

On June 18, 2009, plaintiff was arrested in Craig County, Oklahoma, and transported to the Craig County Jail (CCJ). Plaintiff remained incarcerated at the CCJ until his release on February 26, 2010. Plaintiff is HIV positive and he alleges, inter alia, that his HIV status was disclosed to other inmates without his permission.

Plaintiff's amended complaint alleges the following claims for relief: (1) violation of the Eighth and Fourteenth Amendments to the United States Constitution, actionable through 42 U.S.C. § 1983; (2) invasion of privacy in violation of the Fourteenth Amendment to the United States

Constitution and Oklahoma law; and (3) violation of Title II of the ADA. Plaintiff requests declaratory and injunctive relief, nominal and compensatory damages against all defendants, and punitive damages against three individual defendants. Only the second claim for relief, invasion of privacy, is against Standlee. In addition, Standlee is the only defendant named in the invasion of privacy claim.

Standlee was a detention officer at CCJ during plaintiff's incarceration. The amended complaint alleges that, without plaintiff's consent, Standlee disseminated information regarding plaintiff's HIV status to other inmates. The amended complaint further alleges that plaintiff knew of Standlee's alleged disclosures because another inmate informed plaintiff that Standlee had given the inmate scratch paper containing plaintiff's medical records.

On May 2, 2012, plaintiff filed a motion for leave to file a second amended complaint because "deposition testimony . . . clarified that disclosure of Doe's medical condition was made by [another individual] and not Standlee." Dkt. # 93 at 1. Plaintiff's motion to amend the amended complaint was denied. Dkt. # 127. However, based on the admission that Standlee did not disclose plaintiff's medical information, Standlee's counsel requested of plaintiff's counsel that Standlee be voluntarily dismissed as a defendant. Dkt. # 113 at 2. Plaintiff's counsel refused. Id. Standlee now moves to dismiss the claim against him pursuant to Fed. R. Civ. P. 12(c), based on the deposition testimony that Standlee did not distribute medical information and based on plaintiff's admission thereof.

The Court notified the parties on June 29, 2012 that Standlee's motion was being converted to a motion for summary judgment and gave plaintiff until July 5, 2012 to either file a response or file a stipulation of dismissal of Standlee. Dkt. # 137. On July 5, 2012, plaintiff filed a "Stipulation

2

of Dismissal" pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Dkt. # 141. However, the "stipulation" was not signed by all parties as required by Fed. R. Civ. P. 41(a)(1)(A)(ii). Plaintiff then filed an "errata" to his "stipulation" of dismissal, in which he stated that Standlee did not consent to a dismissal pursuant to Rule 41 and requested that the Court dismiss the claims pursuant to Rule 41(a)(2). Dkt. # 142. Standlee then filed a motion seeking to strike the "stipulation" of dismissal and requesting that the court decide his summary judgment motion on the merits. The Court granted Standlee's motion to strike and gave plaintiff until July 9, 2012 to respond to the summary judgment motion. Dkt. # 145. Plaintiff has not filed a response to Standlee's summary judgment motion.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(a) mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56[a], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

The Tenth Circuit has held that an individual has a constitutional right to privacy in the non-disclosure of personal information. Slayton v. Willingham, 726 F.2d 631, 635 (10th Cir. 1984). This right has specifically been held to apply to an individual's right to privacy in the non-disclosure of information regarding his HIV status by a government official. Herring v. Keenan, 218 F.3d 1171, 1175 (10th Cir. 2000). In order to recover for invasion of privacy pursuant to Oklahoma law, there must be a disclosure of private information and that disclosure must: "(1) be highly offensive to a reasonable person, (2) contain private facts, (3) be a public disclosure of private facts, and (4) not be of legitimate concern to others." Anderson v. Blake, No. CIV-05-0729-HE, 2005 WL 2716302, at *5 (W.D. Okla. Oct. 21, 2005).

As noted above, in his motion for leave to file a second amended complaint, plaintiff stated that "deposition testimony . . . clarified that disclosure of Doe's medical condition was made by [another individual] and not Standlee." Dkt. # 93 at 1. In his opposition to the motion to amend, Standlee submitted the deposition testimony of two former CCJ inmates who were incarcerated with plaintiff, each of whom testified that Standlee never disclosed plaintiff's HIV status. Dkt. # 103-5

4

at 2, 6; Dkt. # 103-6 at 2-4. Plaintiff has not submitted any evidence that Standlee disclosed plaintiff's HIV status to anyone. Thus, there is no factual basis on which a trier of fact could find that Standlee violated plaintiff's right to privacy.

**IT IS THEREFORE ORDERED** that Defendant Chisolm Standlee's Motion and Brief for Judgment on the Pleadings (Dkt. # 113) is **granted**. Defendant Chisolm Standlee is terminated as a party defendant to this action.

**DATED** this 13th day of July, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE