UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JOHN DOE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 11-CV-0298-CVE-PJC |
|  | ) |  |
| BOARD OF COUNTY COMMISSIONERS OF CRAIG COUNTY, JIMMY SOOTER, SHEILA FLOYD WILLIAMS, CHISHOLM STANDLEE, and JOHN DOES # 1-10, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Alter or Amend Judgment (Dkt. # 148). On July 12, 2012, this Court denied plaintiff's partial motion for a declaratory judgment seeking prospective relief on his claim of violation of the Eighth and Fourteenth Amendments to the United States Constitution, actionable to through 42 U.S.C. § 1983. Dkt. # 147. Plaintiff now asks the Court to reconsider that ruling based on a change in circumstance.

Plaintiff has moved for relief pursuant to Fed. R. Civ. P. 59(e), which allows a party to seek alteration or amendment of a judgment within 28 days of the entry of the judgment. While the Court has entered an order denying plaintiff's partial motion for a declaratory judgment, no judgment has been entered in this case. Thus, the Court construes plaintiff's current motion as a motion for relief from an order pursuant to Rule 60(b), which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed.R.Civ.P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. at 1248 (quotations omitted).

Plaintiff's motion for declaratory judgment requested, inter alia, that this Court compel defendant Sooter, the Craig County Sheriff, to implement new policies of medication distribution that would ensure that plaintiff received his HIV medication when he was incarcerated in the Craig County Jail (CCJ). This Court held that because plaintiff was no longer incarcerated in the CCJ, his claim for prospective relief was constitutionally and prudentially moot. This Court stated that:

> [I]n order to make the determination that plaintiff will be again subjected to the medication distribution policies of the CCJ, this Court would have to assume: (i) that plaintiff will not pay the court costs and/or fines that he owes; (ii) that plaintiff will actually be arrested in Craig County or arrested elsewhere and transferred to the custody of Craig County; and (iii) that the CCJ will again deny plaintiff his Atripla. The Court can not grant declaratory or injunctive relief based on such a hypothetical chain of events.

Dkt. # 147 at 15-16.

Plaintiff now argues that such prospective relief is no longer based on a hypothetical chain of events because plaintiff has been arrested on a warrant from Craig County and is currently incarcerated in the Nowata County Jail. Plaintiff argues that despite the fact that he is not being housed in the CCJ, "Craig County maintains responsibility to provide Doe's HIV medication." Dkt. # 148 at 2.

2

As the Court noted in its prior order, the Tenth Circuit has held that "where a prisoner is no longer housed at the penal institution having the conditions of confinement that form the basis of his suit, declaratory relief - as well as injunctive relief - is ordinarily not available." Jordan v. Sosa, 654 F.3d 1012, 1028 n.17 (10th Cir. 2011); see also Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that plaintiff's "claims for declaratory and injunctive relief are moot" because "he is no longer a prisoner within the control of the [defendants]").

Plaintiff has not submitted any evidence or legal authority supporting the proposition that his current conditions of confinement are within the control of the Craig County Sheriff or that the Craig County Sheriff "maintains responsibility" for those conditions. There is no evidence in the record to suggest that Sheriff Sooter has any control of or responsibility over, let alone any input on, the medication disbursement and refill policies at the Nowata County Jail. Thus, there is no evidence that a declaratory judgment directing Sheriff Sooter to implement new policies at the CCJ would have any impact on plaintiff's experience at the Nowata County Jail. Plaintiff's claim remains moot because this Court "cannot accord him prospective relief that would have any effect in the real world." Jordan, 654 F.3d at 1029. The fact that plaintiff is incarcerated in the Nowata County Jail pursuant to a warrant issued by Craig County does not change this analysis, and plaintiff has not provided any legal authority to the contrary.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Alter or Amend Judgment (Dkt. # 148) is **denied.**

**DATED** this 13th day of July, 2012.

*[Signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE