UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0298-CVE-PJC |
| ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF CRAIG COUNTY, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion and Brief to Exclude Dr. L. Brett Jaggers as an Expert Witness Based on Daubert Principles (Dkt. # 138), Defendant's Motion and Brief in Limine (Dkt. # 139), and Plaintiff's Motions in Limine (Dkt. # 140). The Court recently granted summary judgment to the individual defendants on plaintiff John Doe's[1] claims of invasion of privacy, negligence, and violation of constitutional rights pursuant to 42 U.S.C. § 1983. Dkt. ## 147, 149. The sole remaining claim in this action is plaintiff's claim against the Board of County Commissioners of Craig County (the Board) for violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., based on plaintiff's placement in isolation/segregation in the Craig County Jail (CCJ). Dkt. # 151. The material issues of fact to be decided by the jury include whether plaintiff was denied access to certain services or benefits by virtue of his placement

---

[1]  Plaintiff has previously been granted permission to prosecute this case under the pseudonym of John Doe. Dkt. # 23.

in isolation/segregation and whether his placement in isolation/segregation was because of his HIV positive status. Id. at 7-8.

The parties' motions, for the most part, seek to exclude general categories of evidence that they argue are irrelevant and/or unfairly prejudicial. Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231 (10th Cir. 2006). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006).

Defendant's Motion to Exclude Expert Testimony (Dkt.# 138)

Defendant seeks to exclude the testimony of plaintiff's expert witness, L. Brett Jaggers, M.D. In his response, plaintiff states that, based on the Court's dismissal of his § 1983 claim, he no longer expects to call Dr. Jaggers as a witness at trial. Dkt. # 155 at 1. Thus, defendant's motion is moot.

Defendant's Motion Limine (Dkt. # 139)

Defendant's motion raises three issues:

1)   *Expert Testimony.*  Defendant incorporates its prior motion to exclude the expert testimony of Dr. Jaggers. As noted above, this request is denied as moot.

2

2) *Invasion of Privacy Claim.* Defendant seeks to exclude evidence relating to plaintiff's dismissed invasion of privacy claim including evidence that "Plaintiff's food tray was marked in a certain way, that his HIV positive status was made known to other inmates, and/or that his medical records were allegedly seen by other inmates." Dkt. # 139 at 2. Plaintiff responds that, despite the dismissal of the invasion of privacy claim, this evidence is relevant to show that the "overall treatment by the [CCJ] demonstrates a lack of understanding on how to treat inmates with communicable diseases." Dkt. # 155 at 2. As noted above, the relevant factual disputes to be resolved by the jury involve plaintiff's access to jail services while in isolation/segregation and the underlying reason that plaintiff was placed in isolation/segregation in the first place. The Court does not believe that the alleged publication of plaintiff's medical information has any relevance to these issues. However, in order to determine whether plaintiff was denied access to services while in isolation/segregation, the jury will likely need to hear evidence regarding the conditions of confinement in both isolation/segregation and the general population. In addition, evidence regarding the jail's general practices and policies pertaining to inmates with HIV may be relevant in assisting the jury in determining the reason plaintiff was initially placed in isolation/segregation. It is conceivable that, for these purposes, testimony regarding the marking of plaintiff's food tray would be relevant. However, without knowledge of the precise testimony and the purpose of and context in which it is being offered, the Court is unable to determine whether the evidence is admissible. Defendant's motion is denied without prejudice if a specific issue arises at trial.

3) *Subsequent Arrests of Plaintiff.* Plaintiff has been arrested multiple times subsequent to the filing of the complaint. Defendant states that the arrests have been pursuant to valid arrest warrants and that plaintiff should be prohibited from suggesting to the jury that these arrests

3

constituted harassment, intimidation, or retaliation. Plaintiff argues that the circumstances of the subsequent arrests show "a pattern of treatment that started at the [CCJ] and has continued during the pendency of this lawsuit." Dkt. # 155 at 3. However, plaintiff does not have a legal claim regarding a pattern of harassing, intimidating, or retaliatory behavior. Plaintiff's claim deals with his conditions of confinement and the reason he was placed in isolation/segregation. Any alleged harassment of the plaintiff after his release from CCJ has no relevance to the determination of the services he had access to while incarcerated or the reasons for his placement outside the general population. Such allegations would only serve to prejudice the jury against defendant. Defendant's request is granted.

<u>Plaintiff's Motion in Limine (Dkt. # 140)</u>

Plaintiff seeks to exclude seventeen general categories of evidence:

1)   *Altercation in the Booking Area on June 18, 2009.* Plaintiff seeks to exclude testimony regarding the altercation that plaintiff had with a police officer while plaintiff was being booked into the CCJ. Plaintiff argues that this evidence is not relevant, is unfairly prejudicial, and is improper character evidence. However, the circumstances surrounding plaintiff's booking at the CCJ are highly relevant to determine the reason that plaintiff was placed in isolation/segregation. Jail Administrator Rusty Satterwhite testified in his deposition that he discussed the altercation with plaintiff during the conversation in which plaintiff is alleged to have requested isolation. Furthermore, there is testimony in the record from other inmates that plaintiff later told them that he was in isolation due to the altercation with the police officer. Thus, the altercation and the following events are central to one of the dispositive factual issues in this case. The high probative

4

value of such evidence is not outweighed by the small danger that the jury could make an assumption about plaintiff's character based on the altercation. Plaintiff's request is denied.

2)   *Assertions that Doe was in Isolation/Segregation because of the Altercation.* See #1, supra.

3)   *Judgment will be Paid by Individual Defendants.* Plaintiff seeks to exclude testimony that it would be a financial burden or hardship for any individual defendant to pay a judgment in this matter. Because all individual defendants have been dismissed from the case, this request is denied as moot.

4)   *Assertions that Plaintiff must show Defendant Intended to Cause Harm.* This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

5)   *Whether the County Employs a Physician for CCJ.* This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

6)   *CCJ's Compliance with Oklahoma Jail Standards.* This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

7)   *Plaintiff's Alleged Refusal to See the Doctor or Nurse.* This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

8)   *Assertions that Anyone Contacted the Doctor about Plaintiff.* This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

9)   *Plaintiff's Significant Other and her HIV Status.* Plaintiff argues that defendant should be precluded from introducing evidence regarding the marital/relationship status of plaintiff and his girlfriend and should also be precluded from introducing evidence that plaintiff's girlfriend is HIV positive. Defendant argues that evidence regarding the nature of the relationship is relevant

as background information and to her credibility as a witness. The Court agrees that, if the girlfriend testifies, testimony regarding the nature of her relationship with plaintiff and any potential bias resulting therefrom is relevant and not prejudicial. However, the Court sees absolutely no reason that the girlfriend's private medical information would have any relevance to the issues in this case. Thus, her HIV status will not be admissible.

10) *Plaintiff's Alcohol Consumption.* Plaintiff seeks to exclude testimony regarding plaintiff's consumption of alcohol before, during, or after his incarceration. Defendant states that it believes this issue to be moot in light of the Court's dismissal of the § 1983 claim. However, the Court notes that plaintiff was initially arrested on a charge of driving under the influence of alcohol. Thus, plaintiff's alcohol consumption on the day of his arrest, and his subsequent level of intoxication, may be relevant to assist the jury in determining the events that occurred during plaintiff's booking at the CCJ and in assessing the credibility of plaintiff's recollection regarding those events. Testimony regarding plaintiff's general alcohol consumption or propensity to consume alcohol will not be admissible. Testimony regarding plaintiff's alcohol consumption on the day of his arrest will be admissible for the limited purposes stated above.

11) *Facts not Supported by Evidence.* Plaintiff seeks to preclude "implication or assertion of any fact during closing argument which is not supported by evidence brought out at the trial." Dkt. # 140 at 6. Counsel are expected to comply with the Federal Rules of Evidence and relevant precedents in making their closing arguments. To the extent counsel has an objection to a specific statement made during closing argument, counsel may raise that objection at that time. Plaintiff's request is denied without prejudice if a specific issue arises at trial.

12) *Implication that Plaintiff is Treating this Case as a "Lottery Ticket."* Plaintiff seeks to preclude any assertion that plaintiff's motive in bringing this case is financial. Defendant responds that it should be entitled to question witnesses about plaintiff's motive in bringing this action and that it should be entitled to argue that this case "is about money to which Plaintiff is not entitled." Dkt. # 156 at 6. Neither party cites any case law in support of its position. Plaintiff has sued defendant for money damages. Thus, the issues of monetary relief sought by plaintiff and the precise nature of his damages are necessarily going to arise at trial. However, the Court is not insensitive to plaintiff's concern that he be portrayed as solely financially motivated. Without knowledge of the precise testimony being offered and the purpose thereof, it is impossible for the Court to evaluate whether such testimony would be admissible under the Federal Rules of Evidence. Plaintiff's motion is denied without prejudice if a specific issue arises at trial.

13) *Financial Condition of Plaintiff.* This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

14) *Undisclosed Experts or Undisclosed Opinions.* Plaintiff seeks to exclude any testimony of an undisclosed expert or any "new opinion" by a previously closed expert. Dkt. # 140 at 8. The Court expects the parties to comply with the Federal Rules of Civil Procedure. This request is granted.

15) *Subsequent Legal Proceedings.* Plaintiff requests the exclusion of any evidence regarding plaintiff's encounters with law enforcement or the court system subsequent to the incarceration at issue in this case. Defendant argues that plaintiff's subsequent incarceration at the CCJ, at which time he was placed in the general population, is relevant to show that the CCJ does not automatically place HIV positive inmates in isolation/segregation. As discussed above, evidence

regarding the jail's general practices and policies pertaining to inmates with HIV may be relevant in assisting the jury in determining the reason plaintiff was initially placed in isolation/segregation. Testimony regarding plaintiff's subsequent incarceration at the CCJ may be relevant to this issue. However, testimony regarding plaintiff's encounters with law enforcement that do not directly pertain to practices at the CCJ will not be admitted.

16) *Non-Compliance with Medication*. This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

17) *Request to See the Nurse.* This request deals with plaintiff's dismissed § 1983 claim and is, therefore, denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion and Brief to Exclude Dr. L. Brett Jaggers as an Expert Witness Based on Daubert Principles (Dkt. # 138) is **moot**, Defendant's Motion and Brief in Limine (Dkt. # 139) is **denied in part** and **granted in part**, and Plaintiff's Motions in Limine (Dkt. # 140) is **denied in part** and **granted in part.**

**DATED** this 26th day of July, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE