UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JOHN DOE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0298-CVE-PJC |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF CRAIG COUNTY, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant Board's Motion and Brief In Limine to Exclude Evidence of the Alleged Denial of Medical Care and Medications Plaintiff Claims He was not Provided While He was in Jail (Dkt. # 157). The Court recently granted summary judgment to the individual defendants on plaintiff John Doe's[1] claims of invasion of privacy, negligence, and violation of constitutional rights pursuant to 42 U.S.C. § 1983. Dkt. ## 147, 149. The Court also denied plaintiff's motion for summary judgment on his claim of violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., based on a theory that defendant discriminated against plaintiff by failing to obtain prescription medication. Dkt. # 151. The sole remaining claim in this action is plaintiff's claim against the Board of County Commissioners of Craig County for violation of the ADA, based on plaintiff's placement in isolation/segregation in the Craig County Jail. The material issues of fact to be decided by the jury include whether plaintiff was denied

---

[1] Plaintiff has previously been granted permission to prosecute this case under the pseudonym of John Doe. Dkt. # 23.

access to certain services or benefits by virtue of his placement in isolation/segregation and whether his placement in isolation/segregation was because of his HIV positive status. Id. at 7-8.

Defendant has filed a motion in limine seeking to exclude any evidence regarding the alleged denial of medical care or alleged denial of medication on the basis that it is not relevant to the remaining issues and would unfairly prejudice defendant. Plaintiff argues that the alleged denial of medication is part of the "pattern of treatment and conditions thrust upon those with HIV," which he argues "is relevant and necessary for the jury to understand the overall failure of the [jail] and the lack of understanding of how to treat inmates that are HIV positive." Dkt. # 166 at 2.

Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231 (10th Cir. 2006). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006).

In an opinion and order on a prior motion in limine in this case, this Court stated:

> [I]n order to determine whether plaintiff was denied access to services while in isolation/segregation, the jury will likely need to hear evidence regarding the conditions of confinement in both isolation/segregation and the general population. In addition, evidence regarding the jail's general practices and policies pertaining to inmates with HIV may be relevant in assisting the jury in determining the reason plaintiff was initially placed in isolation/segregation.

Dkt. # 159 at 3.  This same reasoning applies to the present issue.  Evidence regarding access to medication while in isolation/segregation and access to medication while in the general population may be relevant in assisting the jury in determining whether plaintiff was denied access to services based on his placement in isolation/segregation.  Additionally, evidence regarding the jail's general policies and practices of providing medication to HIV positive inmates may be relevant in assisting the jury in determining the reason plaintiff was initially placed in isolation/segregation.  However, evidence of the alleged denial of medical treatment/medication are relevant for these limited purposes only.  Plaintiff will not be permitted to introduce evidence the purpose of which is to suggest that the alleged denial of medical treatment or medication was in and of itself a violation of the ADA or any other legal rights of plaintiff.

**IT IS THEREFORE ORDERED** that Defendant Board's Motion and Brief In Limine to Exclude Evidence of the Alleged Denial of Medical Care and Medications Plaintiff Claims He was not Provided While He was in Jail (Dkt. # 157) is **denied without prejudice** if a specific issue arises at trial.

**DATED** this 20th day of August, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE