UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0298-CVE-PJC |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF CRAIG COUNTY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for Relief from an Order (Dkt. # 162). On July 16, 2012, this Court denied plaintiff's partial motion for summary judgment on his claim for violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (ADA). Dkt. # 151.[1]

Plaintiff moves for relief pursuant to Fed. R. Civ. P. 60(b)(1),[2] which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

---

[1]  Plaintiff's motion states that it seeks relief from Dkt. # 150. However, Dkt. # 150 was the Court's order denying plaintiff's previous motion for relief from an order. It is Dkt. # 151 that denied plaintiff's partial motion for summary judgment and which plaintiff now urges the Court to reconsider.

[2]  In his reply brief, plaintiff states that "[i]n the alternative, Plaintiff submits the same relief is warranted pursuant to the Fed. R. Civ. P. 60(b)(6)," which allows a court to relieve a party from an order for "any other reason that justifies relief." Dkt. # 175 at 4. However, plaintiff did not raise Rule 60(b)(6) as a ground for relief in his motion and he is not permitted to raise a new ground for relief in a reply brief. Thus, this argument will not be considered. See Vandever v. Osage Nation Enter., Inc., No. 06–CV–380–GKF–TLW, 2009 WL 702776, at *6 (N.D. Okla. March 16, 2009) ("[T]he court declines to rule at this time on the argument raised for the first time in defendants' reply . . . .").

Fed. R. Civ. P. 60(b).  The Tenth Circuit has held that the "'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments [or orders] only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).  Where a party bases its motion on an alleged judicial mistake, relief under Rule 60(b)(1) "is available only for obvious errors of law, apparent on the record."  Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005).  The Court has substantial discretion in connection with a Rule 60(b) motion. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

Plaintiff moved for partial summary judgment on his claim that defendant discriminated against him in violation of the ADA on the basis of his HIV status by denying him HIV controlling medications because they were too expensive.  In its response to the motion, defendant argued that plaintiff's claim could not succeed because plaintiff had failed to show that any discrimination was based solely on plaintiff's HIV status. Defendant relied on Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134 (10th Cir. 2005), in support of the proposition that a plaintiff must prove that the denial of benefits was based solely on his disability.  In his 11 page reply brief, plaintiff devoted only one paragraph and one footnote in response to this argument.  Plaintiff attempted to distinguish Fitzgerald, and relied on a Sixth Circuit case for the proposition that the ADA does not require a disability to be the "sole motivation" on which denial of services is based.

In its opinion and order denying plaintiff's motion, this Court stated:

> [T]he language in Fitzgerald clearly sets forth the Tenth Circuit's intent to apply [the sole motivation standard] to ADA claims as it says, "[u]nder either the ADA or the Rehabilitation Act," a plaintiff is required to prove that he was denied benefits "solely by reason a of disability." Id. (emphasis added). This conclusion is supported by the fact that subsequent cases in this Circuit have similarly stated that a plaintiff must show that discrimination was the sole reason for denial of benefits in order to prevail on ADA claim. See Breedlove v. Costner, 405 F. App'x 338, 341 (10th Cir. 2010) ("Because Mr. Breedlove did not allege that he had been denied services that have been provided to other prisoners or otherwise allege discrimination solely based on his asserted disability, he did not state a claim under the ADA and the district court properly dismissed his claim.") (unpublished); Hughes v. Colo. Dep't of Corr., 594 F. Supp. 2d 1226, 1244 (D. Colo. 2009) (dismissing ADA claim because plaintiff did not allege that he was denied benefits "solely by reason of [his] alleged disability"); see also Amirault v. City of Roswell, No. 6:95-CV-422 MV/RLP, 1996 WL 391986, at *5 (D.N.M. July 11, 1996) (granting summary judgment to defendant on ADA claim where plaintiff "failed to identify any police service, program, benefit, or activity to which he was entitled under the ADA and which was denied to him solely because of his disability").
>
> Thus, in order to prevail on his ADA claim based on denial of medication, plaintiff is required to show that he was denied access to medication "solely by reason of disability." Fitzgerald, 403 F.3d at 1144. Plaintiff admits that the denial of his medication was based at least in part on the cost of the medication. Dkt. # 120 at 12. Plaintiff has failed to set forth any facts from which a reasonable jury could find that he was denied medication based solely on his HIV status. Although plaintiff moved for summary judgment on this ground (which is denied), defendant did not. Therefore, the Court will not sua sponte enter summary judgment in favor of defendant on this theory of recovery, but this finding constitutes law of the case.

Dkt. # 151 at 11-12.

Plaintiff now argues that the Court erred by applying the "sole motivation" standard to the ADA claim. Plaintiff's motion states that the language in Fitzgerald was dicta and that an earlier Tenth Circuit panel decision, Bones v. Honeywell Int'l, Inc., 366 F.3d 869 (10th Cir. 2004), should control. The argument that the Fitzgerald language was dicta was not made in plaintiff's summary judgment reply, nor did plaintiff cite to Bones in his summary judgment briefing. Plaintiff's pending

3

motion also cites to nine cases from other circuits, all of which were decided prior to the summary judgment briefing, but were not cited by plaintiff therein. In his reply brief, plaintiff argues, for the first time, that defendant "did not present any evidence . . . in support of a cost-based affirmative defense." Dkt. # 175 at 6. This argument was not raised in the initial summary judgment briefing, nor was it raised in plaintiff's pending motion.

As noted above, Rule 60(b) "is not intended to be a substitute for a direct appeal." Cashner, 98 F.3d at 576. Further, "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." Id. at 577; see also In re Apogee Robotics, Inc., 139 F.3d 911 (10th Cir. 1998) (unpublished)[3] ("failure to present its strongest case in the initial summary judgment briefing does not entitle [defendant] to a second chance"); Van Skiver, 952 F.2d at 1243 ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.") (internal quotations omitted).

Plaintiff's motion is merely an attempt to reargue an issue that was raised in the original summary judgment briefing and was addressed by the Court in its opinion and order. Plaintiff cannot use Rule 60(b) as a means to supplement its earlier argument or "challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law." Van Skiver, 952 F.2d at 1244. The arguments made by plaintiff in his motion and the cases relied upon therein were available to plaintiff at the time of the initial briefing. Plaintiff cannot bring a

---

[3]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

4

Rule 60 motion "to simply try again because [his] initial strategy failed." In re Bushman, 311 B.R. 91, 96 (Bankr. D. Utah 2004). Because plaintiff has failed to demonstrate any basis for Rule 60(b) relief, this Court need not address the merits of plaintiff's motion for relief. Van Skiver, 952 F.2d at 1243.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Relief from an Order (Dkt. # 162) is **denied**.

**DATED** this 21st day of August, 2012.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE